UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOWELL J. BRITT; also known as
Lowell J. Britt, IV,

                        Plaintiff,                         3:22-CV-0692
                                                           (GLS/ML)
v.

JOHN DOE, State of New York; JANE DOE,
State of New York; JOHN DOE, Broome
County District Attorney's Office; JANE DOE
Broome County District Attorney's
Office; DAVID HARDER, Sheriff, Broome
County Sheriff's Dep't; NICHOLAS MILLER,
Sheriff, Broome County Sheriff's Dep't;
and SHERIFF JOHN DOE, Broome County
Sheriff's Dep't,

                        Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

LOWELL J. BRITT
  Plaintiff, *Pro Se*
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411


MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER and REPORT-RECOMMENDATION</u>

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an amended

application to proceed *in forma pauperis* (Dkt. No. 4) to the Court for review.  For the reasons

discussed below (1) Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. No.

4) is granted, and (2) I recommend that his Complaint (Dkt. No. 1) be (a) accepted in part for

filing, and (b) dismissed in part (i) with leave to amend, and (ii) without leave to amend.

## I.    BACKGROUND

Liberally construed,[1] Plaintiff's Complaint[2] asserts that his rights were violated by the following seven defendants: (1) John Doe, State of New York,[3] (2) Jane Doe, State of New York,[4] (3) John Doe, Broome County District Attorney's Office, (4) Jane Doe, Broome County District Attorney's Office, (5) David Harder, Sheriff, Broome County Sheriff's Department, (6) Nicholas Miller, Sheriff, Broome County Sheriff's Department, and (7) Sheriff John Doe, Broome County Sheriff's Department (collectively "Defendants").[5]  (*See generally* Dkt. No. 1.)

More specifically, Plaintiff alleges that he leased the property located at 196-Twist Run Road, Endicott, New York (the "Property").  (Dkt. No. 1 at 32.)  Plaintiff alleges that on July 15, 2021, at approximately 1:00 p.m., he was at the Property with his two minor children when two Broome County Sheriff's Department deputies (Defendant Sheriff John Doe, Broome County Sheriff's Department and Defendant Miller) arrived to serve him with a Family Court issued

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    Plaintiff attached an affidavit to the Complaint, which included additional details about the alleged wrongs.  (Dkt. No. 1, Attach. 1.)  Construing the Complaint liberally, as the Court must, the Court considered the additional factual details contained in the affidavit.

[3]    To conform with the Complaint, the Clerk of the Court is directed to amend the name of Defendant "John Doe" to "John Doe, State of New York," on the Court's docket.  (Dkt. No. 1 at 1.)

[4]    To conform with the Complaint, the Clerk of the Court is directed to amend the name of Defendant "Jane Doe" to "Jane Doe, State of New York," on the Court's docket.  (Dkt. No. 1 at 1.)

[5]    To conform with the Complaint, the Clerk of the Court is directed to terminate Defendant State of New York, on the Court's docket.  (Dkt. No. 1 at 1.)

temporary order of protection (the "Order").  (Dkt. No. 1.)  Plaintiff alleges that the Order barred

him from contacting the mother of his children (Jasmine Brown) and his children.  (*Id*.)  Plaintiff

alleges that he, Defendant Miller, Defendant Sheriff John Doe, and Ms. Brown came to an

agreement whereby, Ms. Brown and the children would remain at the Property for the night and

Plaintiff would vacate.  (*Id*.)

Plaintiff alleges that he left the Property and some time later, he viewed his home security

cameras where he observed Ms. Brown packing up the children's belongings and leaving the

Property.  (*Id*.)

Plaintiff alleges that he contacted Defendant Miller about Ms. Brown leaving the

Property—in violation of the oral agreement that they previously reached—and Defendant Miller

advised Plaintiff that there was nothing Defendant Miller could do.  (*Id*.)  Plaintiff alleges that

his neighbor informed him that the Property was left unsecured with the front door and garage

door left open.  (*Id*.)  Plaintiff alleges that he again contacted Defendant Miller to inform

Defendant Miller that Plaintiff intended to return to the Property because it was left un-secured

and that Defendant Miller did not tell Plaintiff not to return.  (*Id*.)  Plaintiff alleges that, as a

result, and because Ms. Brown and the children were no longer at the Property, he returned to the

Property.  (*Id*.)

Plaintiff alleges that on July 16, 2021, he was arrested for criminal contempt in the

second degree in violation of New York Penal Law § 215.50.  (*Id*.)  In addition, Plaintiff alleges

that a parole violation was filed against him based on the warrant for his arrest.  (*Id*.)

Plaintiff alleges that Defendant Miller filed a criminal complaint charging Plaintiff with

criminal contempt, that contained false information.  (Dkt. No. 1, Attach. 1 at 6.)  More

specifically, Plaintiff alleges that, in contrast with the criminal complaint filed by Defendant

Miller, (1) he was not advised to stay away from the Property, (2) the Property was not the residence of Ms. Brown, and (3) Plaintiff did not make a "verbal admission" that he was present at the Property at the same time as Ms. Brown.  (*Id*. at 6-8.)

Plaintiff alleges that at some point in time, he entered an "Alford" guilty plea to his parole violation.  (Dkt. No. 1 at 21.)

Plaintiff alleges that on December 14, 2021, the criminal contempt charge against him was dismissed and his defense counsel accepted the dismissal without Plaintiff's consent or knowledge.  (Dkt. No. 1, Attach. 1 at 9.)  Plaintiff alleges that on January 15, 2022, he became aware that the dismissal of his criminal contempt charge was "in satisfaction" of his parole violation, but that Plaintiff objected to that disposition.  (*Id*. at 10.)  Plaintiff alleges that on June 14, 2022, the Court dismissed the criminal contempt charge "pursuant to the merits and a full dismissal accordingly sealing the matter in the Plaintiff[']s favor."  (*Id*. at 11.)

Based on these factual allegations, Plaintiff appears to assert the following three causes of action against Defendants in their individual and official capacities: (1) a claim of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983; (2) a claim of false imprisonment pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (3) a claim of malicious prosecution pursuant to the Fourth Amendment and 42 U.S.C. § 1983.  (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.  (*Id*.)

Plaintiff also filed an amended application to proceed *in forma pauperis*.  (Dkt. No. 4.)

**II.      PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS***

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). [6] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 4), and which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization required in the Northern District pursuant to Local Rule 5.1.4(b)(1)(B).  (Dkt. No. 5.)

Accordingly, Plaintiff's amended application to proceed with this action IFP is granted. (Dkt. No. 4.)

---

[6]      Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  See http://pacer.uspci.uscourts.gov.  It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

### III.    RELEVANT LEGAL STANDARD GOVERNING INTIAL REVIEW OF A COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A(a).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[7]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim

---

[7]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8

"is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity

to file a responsive answer, prepare an adequate defense and determine whether the doctrine of

res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)

(McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual

allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*,

556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands

more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Id.*  Thus, a pleading

that contains only allegations which "are so vague as to fail to give the defendants adequate

notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 F. App'x 102,

104 (2d Cir. 2009).

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his

pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

### A.   Official Capacity Claims

"An official capacity suit against a municipal employee is a suit against the municipality

itself."  *Pittman v. Billings*, 20-CV-0422, 2020 WL 2079440, at *9 (N.D.N.Y. Apr. 30, 2020)

(Baxter, M.J.), *report and recommendation adopted by* 2020 WL 2574631 (N.D.N.Y. May 21, 2020) (Sharpe, J.).

      **1.**      **Claims Against Defendants John Doe, State of New York and Jane Doe, State of New York**

New York State is immune from suits pursuant to 42 U.S.C. § 1983 seeking either legal or equitable relief, under the Eleventh Amendment. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984); *see Ognibene v. Niagara Cnty. Sheriff's Dep't*, 03-CV-0678E, 2003 WL 2443989, at *3 (W.D.N.Y. Dec. 1, 2003) ("To the extent the plaintiff names various state courts as defendants and seeks either legal or equitable relief against them under § 1983, they are immune from such suit under the Eleventh Amendment."); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." (internal citations omitted)); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe, on the basis of such slender 'evidence,' that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."); *Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir. 1986) ("Using its authority under section 5 of the fourteenth amendment, Congress may abrogate the eleventh amendment in the absence of a waiver by the states, but the civil rights statute 42 U.S.C. § 1983 does not override the eleventh amendment." (internal citations omitted)).

As a result, I recommend that Plaintiff's claims against Defendants John Doe, State of New York and Jane Doe, State of New York in their official capacities be dismissed.

   **2.**  **Claims Against Defendants John Doe, Broome County District Attorney's Office and Jane Doe, Broome County District Attorney's Office**

As previously stated, "[t]he Eleventh Amendment generally bars suits against a state in federal court." *Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 600 (2d Cir. 1999) (per curiam) (citation omitted). When a defendant is sued in his official capacity, we treat the suit as one against the "entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. at 165-66. If a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the state, and therefore immune from suit in her official capacity. *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)).

Here, the claims against Defendants John Doe, Broome County District Attorney's Office and Jane Doe, Broome County District Attorney's Office, in their official capacities, are effectively claims against the State of New York. As a result, I recommend that these claims be dismissed.

   **3.**  **Claims Against Defendants David Harder, Broome County Sheriff's Department; Nicholas Miller, Broome County Sheriff's Department; and Sheriff John Doe, Broome County Sheriff's Department**

With respect to Plaintiff's claims against Defendants Harder, Miller, and Sheriff John Doe, in their official capacities as employees of the County of Broome, I recommend that those claims be dismissed for failure to state a claim upon which relief may be granted.

A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29,

36 (2010).  Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury.  *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation.  *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).  Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly.

Finally, municipal liability can, under limited circumstances, be based upon a failure to properly train the municipality's employees.  *Connick*, 563 U.S. at 51.  However, municipal liability is most tenuous when a claim turns on the failure to train.  *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell")).  To satisfy the statute, a municipality's failure to train its employees must amount to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"  *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

There is no basis for municipal liability alleged in the Complaint.  Plaintiff essentially complains of one discrete incident, during which a deputy employed by the Broome County Sheriff's Department allegedly did not act properly.  There is no indication that Plaintiff can assert a policy or custom which would support municipal liability based on these facts.  In

10

addition, none of Plaintiff's allegations reflect a failure to train or "deliberate indifference" to the rights of persons who would come into contact with Defendants.

As a result, I recommend that Plaintiff's claims against Defendants David Harder (Broome County Sheriff's Department), Nicholas Miller (Broome County Sheriff's Department), and Sheriff John Doe (Broome County Sheriff's Department), in their official capacities, as employees of Broome County be dismissed at this time.  *See Flagg v. NYS Division of Parole*, 19-CV-0886, 2019 WL 5002215, at *5 (N.D.N.Y. Aug. 15, 2019) (Baxter, M.J.) (citing *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)) ("A single incident, particularly if it involved individuals below the policy-making level is insufficient to state a *Monell* claim."), *report and recommendation adopted by*, 2019 WL 4963112 (N.D.N.Y. Oct. 8, 2019) (McAvoy, J.).

### B.    Individual Capacity Claims

#### 1.    Claims Against Defendants John Doe, Broome County District Attorney's Office and Jane Doe, Broome County District Attorney's Office

It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'"  *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  "In determining whether absolute immunity [applies], we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant."  *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad motive, but whether the acts at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

The Second Circuit has "held that absolute immunity extends even to a prosecutor who 'conspir[es] to present false evidence at a criminal trial.  The fact that such conspiracy is certainly not something that is <u>properly</u> within the role of a prosecutor is immaterial, because immunity attaches to his function, not to the manner in which he performed it.'" *Anilao v. Spota*, 27 F.4th 855, 865 (2d Cir. 2022) (quoting *Dory*, 25 F.3d at 83 (cleaned up)).  "Thus, unless a prosecutor proceeds in the <u>clear absence of all jurisdiction</u>, absolute immunity [from § 1983 liability] exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Anilao*, 27 F.4th at 864 (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987) (emphasis added)).  "Prosecutors thus have absolute immunity in a § 1983 action even if it turns out that 'state law did not empower [them] to bring the charges,' so long as 'they have at least a semblance of jurisdiction' that does not run far afield of their job description." *Id*. at 865 (quoting *Barr*, 810 F.2d at 361).

Plaintiff does not appear to allege any factual allegations against a John or Jane Doe of the Broome County District Attorney's Office.  (*See generally* Dkt. No. 1.)  Instead, Plaintiff alleges in a conclusory fashion that the Broome County District Attorney's Office violated his due process rights and injured Plaintiff by filing a false complaint and failing to properly investigate the events on July 15, 2021.  (Dkt. No. 1 at 2.)  In addition, Plaintiff alleges that "the prosecutor . . . knew or should have known that the [Property] was in fact [Plaintiff's] protected residence." (Dkt. No. 1 at 30.)

With this limited information, it appears that the actions of Defendants John and Jane Doe of the Broome County District Attorney's Office fall squarely within the scope of their authority as prosecutors, which would entitle them to the cloak of absolute immunity.  I therefore recommend that any claims against Defendants John and Jane Doe of the Broome County

District Attorney's Office be dismissed.  *See Anilao*, 27 F.4th at 868 (holding that "under our precedent absolute immunity shields [prosecutors] for their prosecutorial and advocative conduct even in the absence of probable cause and even if their conduct was entirely politically motivated.").

### 2. Defendants John Doe, State of New York and Jane Doe, State of New York

The caption of the Complaint lists John Doe, State of New York and Jane Doe, State of New York but the body of the Complaint does not contain any factual allegations against a John or Jane Doe employed by the State of New York.  Thus, I recommend that Plaintiff's claims against John Doe, State of New York, and Jane Doe, State of New York, in their individual capacities be dismissed.  *See Johnson v. Gonzalez*, 14-CV-0745, 2015 WL 1179384, at *6 (N.D.N.Y. Mar. 13, 2015) (Kahn, J.) (dismissing the claims against a defendant where the complaint lists the defendant's "name in the caption, but fails to again name or assert allegations against him."); *Serrano v. New York State Dep't of Envtl. Conservation*, 12-CV-1592, 2013 WL 6816787, at *15 (N.D.N.Y. Dec. 20, 2013) (D'Agostino, J.) (citing *Jaffer v. Chemical Bank*, 93-CV-8459, 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994) (holding that "[w]hen a complaint's caption names a defendant but the complaint does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted")) (dismissing the plaintiff's claims against two defendants who were listed as parties in the complaint and in the caption, but not elsewhere in the complaint).

### 3.      Defendant Harder

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  "[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted).

Courts in this circuit routinely hold that "the doctrine of respondeat superior cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement.  Therefore, a prison official may not be found liable for a constitutional violation merely because of the acts of those under his control." *Kinch v. Artuz*, 97-CV-2419, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  Thus, supervisory officials may not be held liable for their subordinates' constitutional violations merely because they are in a position of authority.  *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Colon*, 58 F.3d at 874 (holding that the fact that the defendant occupied a high-ranking position in the New York prison hierarchy, without more, was insufficient to establish personal involvement).  Before deciding *Ashcroft v. Iqbal*, 556 U.S. 62 (2009), the Second Circuit held that supervisory personnel could be considered "personally involved" if

(1)      the defendant participated directly in the alleged constitutional violation;

(2)     the defendant, after being informed of the violation through report or
        appeal, failed to remedy the wrong;

(3)     the defendant created a policy or custom under which unconstitutional
        practices occurred, or allowed the continuance of such a policy or custom;

(4)     the defendant was grossly negligent in supervising subordinates who
        committed the wrongful acts; or

(5)     the defendant exhibited deliberate indifference to the rights of inmates by
        failing to act on information indicating that unconstitutional acts were
        occurring.

*Colon*, 58 F.3d at 873 (citing *Wright*, 21 F.3d at 501 (additional citation omitted)).

In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit addressed how

the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing

supervisory liability.  Consistent with other circuits, the Second Circuit concluded that "there is

no special rule for supervisory liability," and held that a "plaintiff must plead and prove 'that

each Government-official defendant, through the official's own individual actions, had violated

the Constitution.'"  *Tangreti*, 983 F.3d at 618.  The Second Circuit explained that, "'the factors

necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue'

because the elements of different constitutional violations vary.  The violation must be

established against the supervisory official directly."  *Id*. (quoting *Iqbal*, 556 U.S. at 676).

"District courts discussing *Tangreti* agree that the decision invalidated the *Colon* test and

mandates that a plaintiff must establish a violation against the supervisory official directly."

*Fabrizio v. Smith*, 20-CV-0011, 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021) (Lovric,

M.J.) (collecting cases), *report and recommendation adopted by* 2021 WL 2211023 (N.D.N.Y.

June 1, 2021) (Suddaby, C.J.).

Plaintiff's sparse allegations against Defendant Harder, assert that Defendant Harder

failed to adequately train, enforce training, or supervise his officers on how to properly resolve

domestic dispute incidents, specifically with respect to the right to property when an order of

protection has been issued.  (*See generally* Dkt. No. 1.)  Plaintiff does not allege that Defendant

Harder was personally involved in any violation of Plaintiff's rights.  After the Second Circuit's

ruling in *Tangreti*, these allegations are insufficient to plausibly suggest the personal

involvement of Defendant Harder.  *See Powell v. City of Jamestown*, 21-CV-0721, 2022 WL

1913581, at *10 (W.D.N.Y. June 3, 2022) (citing *Guzman v. McCarthy*, 21-CV-1192, 2022 WL

630873, at *3 (N.D.N.Y. Mar. 4, 2022) (D'Agostino, J.) (mere allegation that prison

superintendent failed to train his officers to protect inmates from harm was "not enough to

plausibly allege the [superintendent's] personal involvement")) (dismissing the plaintiff's claims

against the sheriff, undersheriff, and chief of police where "the Complaint mentions those

individuals by name only in the caption and in a section introducing the parties.  The allegation

that defendants 'faile[d] to adequately train and supervise [their] employees relating to the use of

force including but not limited to failing to treat medical conditions and preventing self harm' . .

. is conclusory and insufficient.").

     As a result, I recommend that Plaintiff's claims with respect to Defendant Harder be

dismissed.

### 4.       Defendant John Doe, Broome County Sheriff's Department

     Based on the Complaint and attachment, it appears as though Defendant "John Doe,

Broome County Sheriff's Department" refers to the individual who accompanied Defendant

Miller to the Property to serve the Order on Plaintiff.  (Dkt. No. 1, Attach. 1 at 3.)  However, the

Complaint fails to allege facts plausibly suggesting any action taken by Defendant John Doe,

Broome County Sheriff's Department.  Defendant John Doe, Broome County Sheriff's

Department's mere presence is insufficient to allege his personal involvement in the alleged

constitutional violations at issue here.  *See Roman v. City of Mount Vernan*, 21-CV-2214, 2022

WL 2819459, at *16 (S.D.N.Y. July 19, 2022) (quoting *Arbuckle v. City of New York*, 14-CV-

10248, 2016 WL 5793741, at *13 (S.D.N.Y. Sept. 30, 2016)) ("'Simply being present at the scene of an arrest does not suffice for personal involvement.'").  As a result, I recommend that Plaintiff's claims against Defendant John Doe, Broome County Sheriff's Department, be dismissed for failure to state a claim upon which relief may be granted.

     **5.**     **Defendant Miller**

     **a.**     **False Arrest and False Imprisonment**

     To prevail on a claim of false arrest under the Fourth Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) that the defendant intended to confine the plaintiff; (2) that the plaintiff was conscious of the confinement; (3) that the plaintiff did not consent to the confinement; and (4) that the confinement was not otherwise privileged.  *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012).  Moreover, a Section 1983 claim for false arrest under the Fourth Amendment is "substantially the same" as a claim of false imprisonment.  *Jackson v. City of N.Y.*, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013); *see Smith v. City of Syracuse*, 19-CV-0997, 2020 WL 1937411, at *4 n.6 (N.D.N.Y. Apr. 21, 2020) (Sannes, J.) ("'Claims brought under Section 1983 are guided by state tort law.'  'In New York, the tort of false arrest is synonymous with that of false imprisonment.'" (citations omitted)); *Givans v. Jefferson Cnty. Sheriff's Office*, 13-CV-0906, 13-CV-0908, 2015 WL 13540492, at *12 n.18 (N.D.N.Y. Aug. 28, 2015) (Sannes, J.) (citing *Liranzo v. United States*, 690 F.3d 78, 91 n.13 (2d Cir. 2012)) ("'False arrest' is synonymous with 'false imprisonment' under New York law.").

     Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to

dismiss or for summary judgment, I recommend that a response be required to Plaintiff's false arrest and false imprisonment claims against Defendant Miller in his individual capacity.

### b.    Malicious Prosecution

To prevail on a claim of malicious prosecution, a plaintiff must allege facts plausibly suggesting the following: (1) the commencement or continuation of a criminal proceeding against him; (2) the termination of the proceeding in his favor; (3) that the state officials lacked probable cause; and (4) that the proceeding was instituted with malice. *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (citing *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003); *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's malicious prosecution claim against Defendant Miller in his individual capacity.[8]

---

[8]    Although not clear at this juncture the exact contours of the dismissal of Plaintiff's criminal charge, it appears as though it may have been an adjournment in contemplation of dismissal ("ACD"). (Dkt. No. 1 at 38.)  However, based on the Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), courts in this Circuit have deemed an ACD "a favorable termination for the purposes of a malicious prosecution claim."  *Price v. Peress*, 18-CV-4393, 2022 WL 4638148, at *11 (E.D.N.Y. Sept. 30, 2022); *see Perez v. City of New York*, 20-CV-1359, 2022 WL 4236338, at *13 (S.D.N.Y. Sept. 14, 2022) (holding that "[i]n light of *Thompson*" the argument that an "ACD bars a malicious-prosecution claim because it leaves the question of innocence or guilt unanswered," is meritless); *McGaffigan v. City of Rochester*, 21-CV-6545, 2022 WL 2812359, at *2 (W.D.N.Y. July 19, 2022) (allowing the plaintiff to amend her complaint adding a malicious prosecution claim after she accepted an ACD, in light of the Supreme Court's decision in *Thompson*).

18

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Here, better pleading could not cure the Court's lack of subject matter jurisdiction based on the immunities described above with respect to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against (1) Defendants John Doe, State of New York and Jane Doe, State of New York in their official capacities, and (2) Defendants John Doe, Broome County District Attorney's Office and Jane Doe, Broome County District Attorney's Office, in their individual or official capacities.

However, it is not clear whether better pleading would permit Plaintiff to assert a cognizable claim pursuant to 42 U.S.C. § 1983 against (1) Defendants John Doe, State of New York and Jane Doe, State of New York in their individual capacities, (2) Defendants Harder and

Sheriff John Doe in their individual or official capacities, or (3) Defendant Miller in his official capacity. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint with respect to his Section 1983 claims against (1) Defendants John Doe, State of New York and Jane Doe, State of New York in their individual capacities, (2) Defendants Harder and Sheriff John Doe in their individual or official capacities, and (3) Defendant Miller in his official capacity.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court amend the docket such that (1) Defendant "John Doe" is changed to Defendant "John Doe, State of New York," (2) Defendant "Jane Doe" is changed to Defendant "Jane Doe, State of New York," and (3) Defendant State of New York is terminated; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts (1) claims against Defendants John Doe, State of New York and Jane Doe, State of New York, in their individual capacities; (2) claims against Defendants David Harder and Sheriff John Doe in their individual and official capacities, and (3) claims against Defendant Miller in his official capacity, because they fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts (1) claims against Defendants John Doe, State of New York and Jane Doe, State of New York in their official capacities, and (2) claims against Defendants John Doe, Broome County District Attorney's Office and Jane Doe, Broome County District Attorney's Office in their individual or official capacities, because they seek monetary relief against Defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: October  13 , 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[9]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).