UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LOWELL J. BRITT,

                        Plaintiff,

    -against-                                      3:22-CV-692 (LEK/ML)

JOHN DOE, STATE OF NEW YORK, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 on June 30, 2022. See Dkt. No. 1 ("Complaint"). After the Complaint was reviewed for sufficiency pursuant to 28 U.S.C. § 1915, Plaintiff's surviving claims were served on David Harder, Broome County Sheriff's Department ("Harder"), and on Nicholas Miller, Broome County Sheriff's Department ("Miller") (collectively, "Defendants"). See Dkt. Nos. 22, 23. Defendants have filed a motion to dismiss. Dkt. No. 25-2 ("Motion"),[1] and Plaintiff has filed a response, Dkt. No. 44. Defendants have not filed a reply.

For the reasons that follow, the Motion is granted.

**II.    BACKGROUND**

Pursuant to 28 U.S.C. § 1915, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation reviewing Plaintiff's claims for sufficiency. See Dkt.

---

[1] The Motion moves to dismiss claims brought against Harder, Miller, and a Sheriff John Doe. See Mot. at 2. However, since there are no surviving claims against either Harder or any John Doe, see Dkt. No. 7, the Court will only address the Motion as applied to the surviving claims against Miller (hereinafter, "Defendant").

1

No. 7 ("Report and Recommendation"). The Report and Recommendation was approved and adopted in its entirety. See Dkt. No. 8 ("November 2022 Order"). The Court presumes familiarity with Plaintiff's factual allegations as detailed in the Report and Recommendation. See R. & R. at 2–4.

In the Report and Recommendation, Plaintiff was granted the opportunity to file an amended complaint reasserting any claims dismissed without prejudice. See Nov. 2022 Order at 2–3. In the following months, Plaintiff filed two requests for extensions of time to file an amended complaint, see Dkt. Nos. 9, 13, which were granted, see Dkt. Nos. 10, 14.  However, Plaintiff did not file an amended complaint. Accordingly, in conformity with the Report and Recommendation, the Court will consider the Complaint as raising the following claims against Defendant in his individual capacity: (1) a claim of false arrest pursuant to the Fourth Amendment; (2) a claim of false imprisonment pursuant to the Fourteenth Amendment; and (3) a claim of malicious prosecution pursuant to the Fourth Amendment. See R. & R. at 17–18.

### III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV. DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed under the doctrine of qualified immunity. See Mot. at 5–6. The Court agrees.

### A. Applicable Law

Qualified immunity protects officials from damages liability if their "conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mullenix v. Luna, 577 U.S. 7, 11 (2015) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful." District of Columbia v. Wesby, 583 U.S. 48, 63 (2018) (citing Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)). Defendants bear the burden of demonstrating that challenged conduct was objectively reasonable in light of the law existing at the time. See Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016) ("Mitchell I") (citing Tellier v. Fields, 280 F.3d 69, 84 (2d Cir. 2000)).

"Since it is not disputed here that freedom from false arrest [and] from malicious prosecution . . . are all clearly established rights, the question of qualified immunity in this case turns on whether the actions of [defendant officers] were objectively reasonable under the circumstances." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996) (internal citations omitted). "A police officer is entitled to qualified immunity in the context of a false arrest claim if there was at least 'arguable probable cause' at the time the officer arrested the plaintiff." Mitchell v. City of New York, 749 Fed. App'x 75, 77 (2d Cir. 2019) (citation omitted) ("Mitchell II"). "In assessing arguable probable cause, the inquiry is whether any reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, could have determined that the challenged action was lawful." Id. at 77 (citation and quotation marks omitted); see also Figueroa v. Mazza, 825 F.3d 89, 100 (2d Cir. 2016) ("A police officer has arguable probable cause 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" (citing Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013))). In determining whether qualified immunity is appropriate, a court looks to "identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment." Wesby, 583 U.S. at 64 (citation omitted). The case does not need to be directly on point, but there must be a "body of relevant case law [that] clearly establish[es] the answer with respect to probable cause." Id. (citation and quotation marks omitted).

"The elements necessary to state a claim for false arrest under § 1983 are the same as those necessary to state a claim for false arrest under New York law." Kraft v. City of New York, 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010), aff'd, 441 F. App'x 24 (2d Cir. 2011) (citing

4

Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified." Id. (citing Posr v. Doherty, 944 F.2d 91, 97 (2d Cir. 1991)). "In New York, the tort of false arrest is synonymous with that of false imprisonment." Posr, 944 F.2d at 96 (citation omitted). "Interpreting . . . New York law in the context of federal civil rights actions, [the Second Circuit] has uniformly rejected Fourth Amendment false arrest claims premised on lawful arrests supported by probable cause." Russo v. City of Bridgeport, 479 F.3d 196, 203–04 (2d Cir. 2007) (collecting cases); see also Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (noting that, since "probable cause to arrest constitutes justification, there can be no claim for false arrest [or unlawful imprisonment] where the arresting officer had probable cause").

In order to succeed in a claim for malicious prosecution, a plaintiff must allege facts plausibly suggesting (1) the commencement or continuation of a criminal proceeding against them; (2) the termination of the proceeding in their favor; (3) that the officials lacked probable cause; and (4) that the proceeding was instituted with malice. See Mitchell I, 841 F.3d at 79. "Probable cause, in the context of malicious prosecution, has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Kee v. City of New York, 12 F.4th 150, 166 (2d Cir. 2021) (citation omitted). When assessing malicious prosecution claims, courts must be mindful that, "[u]nder New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." Lowth, 82 F.3d at 571 (citation and quotation marks omitted).

5

A plaintiff must allege the absence of probable cause to state a claim for false arrest, false imprisonment, and malicious prosecution. "The Second Circuit has repeatedly held that 'probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Ndemonah v. Boudreau, No. 20-CV-4492, 2023 WL 6122852, at *7 (S.D.N.Y. Sep. 19, 2023) (quoting Boyd v. City of New York, 336 F.3d 72, 75–76 (2d. Cir. 2003)). When determining whether there was probable cause to arrest for violation of a temporary order of protection, a court should look to whether there is "undisputed record evidence" sufficient to show a violation. Morgan v. City of Utica, New York, No. 20-CV-1424, 2022 WL 14760151, at *5 (N.D.N.Y. Oct. 25, 2022) (finding that a verbal complaint and supporting deposition from party who requested an order of protection created probable cause to arrest the plaintiff for violation of the order).

**B. Application**

Defendant's bid for qualified immunity in this case thus turns on whether he had arguable probable cause to arrest Plaintiff and to pursue charges against Plaintiff. See Mitchell I, 841 F.2d at 79. Construing all facts in favor of the non-movant, the Court determines that a reasonable officer could have determined that there was probable cause to arrest and detain Plaintiff.

Plaintiff's claims flow from Defendant's actions when arresting Plaintiff for criminal contempt in the second degree in violation of New York Penal Law § 215.50. See Compl. ¶ 59. Section 215.50 penalizes "intentional disobedience or resistance to the lawful process or other mandate of a court." N.Y. Pen. L. § 215.50(3). In his Complaint and attachments, Plaintiff states that Defendant served him with a "Family Court Temporary Order of Protection" ("FCTOP")

instructing him to stay away from his children and from the home of the children. See Dkt. No. 1-1 at 2 ("Affidavit"). He also says that the children were residing with him at 196-Twist Run Road, Endicott, New York ("Residence"), at the time. See Compl. ¶ 88–89. He states that that he left the Residence pursuant to the FCTOP, see Aff. at 4, that he told Defendant he planned to return to the Residence, see Compl. ¶ 56, and that he did later return to the Residence after the issuance of the FCTOP, see Aff. at 6–7. Regardless of the ultimate propriety of the charge—indeed, the Court notes that the charge was ultimately dismissed, see Compl. ¶ 62—it cannot be said that a reasonable officer could not have determined that probable cause existed based on the facts plead.

Plaintiff disputes Defendant's argument that he is entitled to qualified immunity by stating that it is "firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer." Resp. at 4 (citing Zahrey v. Coffey, 221 F.3d 342, 355 (2d Cir. 2000)). Plaintiff's arguments are premised on the assertion that Defendant fabricated evidence to suggest that the mother of his children resided at the Residence. See id. This argument does not address the underlying issue involved with determining whether Defendant has qualified immunity. As discussed above, the relevant question is whether a reasonable officer in Defendant's shoes could have had probable cause to arrest Plaintiff after finding him in the Residence after the FCTOP was issued. Given that Plaintiff acknowledges both the existence of the FCTOP and his violation of the FCTOP in his Complaint, the Court is unable to conclude that arguable probable cause did not exist. To the extent Plaintiff seeks to raise claims about the legitimacy of the FCTOP, those claims are best evaluated by the state court. See Neustein v. Orbach, 732 F. Supp. 333, 339 (E.D.N.Y. 1990) ("The Supreme Court sagely circumscribed the jurisdiction of federal courts as regards domestic

relations when it held that the whole subject of the domestic relations . . . belongs to the laws of the States and not to the laws of the United States." (cleaned up)).

Accordingly, Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution are dismissed on the basis of qualified immunity. Since dismissal is granted on this basis, the Court declines to address Defendant's other arguments.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the following defendants are **DISMISSED** from this action pursuant to the November 2022 Order (Dkt. No. 8): John Doe, State of New York; Jane Doe, State of New York; John Doe, Broome County District Attorney's Office; Jane Doe, Broome County District Attorney's Office; David Harder, Broome County Sheriff's Department; and Sheriff John Doe, Broome County Sheriff's Department; it is further

**ORDERED**, that Defendant's motion to dismiss (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 26, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge